# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/18/2021 03:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHARTER COMMUNICATIONS, LLC, a Delaware limited liability company, and Does 1 through 30, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CESAR BUCIO ZAMORA, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, Central Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, California 90012 | **CASE NUMBER:** *(Número del Caso):* 21STCV38273 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shadie L. Berenji, 8383 Wilshire Blvd. Suite 708, Beverly Hills, California 90211

| DATE: XXXXXXXXXXX *(Fecha)* 10/18/2021 | Sherri R. Carter Executive Officer/ Clerk of Court *(Secretario)* | M. Mariano | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* CHARTER COMMUNICATIONS, LLC, a Delaware limited liability company

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
    ☑ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courtinfo.ca.gov* |

Electronically FILED by Superior Court of California, County of Los Angeles on 10/18/2021 01:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
21STCV38273

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mark Mooney

**SHADIE L. BERENJI (SBN 235021)**
**DAVID C. HOPPER (SBN 306281)**
**BERENJI LAW FIRM, APC**
8383 Wilshire Boulevard, Suite 708
Beverly Hills, California 90211
Telephone: (310) 855-3270
Facsimile: (310) 855-3751
Email: berenji@employeejustice.law
Email: hopper@employeejustice.law

Attorneys for Plaintiff
CESAR BUCIO ZAMORA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| CESAR BUCIO ZAMORA, an individual<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC, a Delaware limited liability company, and Does 1 through 30, inclusive;<br><br>Defendant. | Case No. 21STCV38273<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **DISABILITY DISCRIMINATION;**<br>2. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;**<br>3. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS;**<br>4. **FAILURE TO PREVENT DISCRIMINATION;**<br>5. **RETALIATION;**<br>6. **FAILURE TO PREVENT RETALIATION;**<br>7. **CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CESAR BUCIO ZAMORA ("PLAINTIFF" or "MR. BUCIO ZAMORA") brings this action against Defendant CHARTER COMMUNICATIONS, LLC ("DEFENDANT" or "CHARTER"), a Delaware limited liability company, and DOES 1 through 30 inclusive, and

alleges on knowledge as to himself and his own acts, and upon information and belief as to all other matters as follows:

## NATURE OF ACTION

1.      This action is brought pursuant to California statutory and decisional laws. PLAINTIFF alleges that California statutory and decisional laws prohibit the conduct by DEFENDANT, as alleged herein, and therefore PLAINTIFF is entitled to monetary relief on the basis that DEFENDANT violated such statutes and decisional laws.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper in this Court by virtue of California statutes and decisional law, and the local rules of the Los Angeles County Superior Court.

3.      DEFENDANT at all times mentioned herein, was a corporation doing business in the State of California.

4.      Venue is proper under California Government Code section 12965, subdivision (b) and California Code of Civil Procedure section 395, in that a substantial part of the events or omissions giving rise to PLAINTIFF's claims occurred in the State of California.  PLAINTIFF worked in the State of California at all times during his employment with DEFENDANT.

5.      The amount in controversy is within the jurisdiction of this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Within three years from the date of CHARTER's last adverse employment action and prior to the initiation of this action, PLAINTIFF exhausted his administrative remedies by filing a complaint against CHARTER with the California Department of Fair Employment and Housing ("DFEH"), pursuant to section 12900 et seq. of the California Government Code, alleging the acts described in this Complaint for Damages ("Complaint").  The DFEH issued a "Right to Sue" letter to PLAINTIFF.  All conditions precedent to the institution of this lawsuit have been fulfilled.

///

///

///

**PARTIES**

7.     Plaintiff CESAR BUCIO ZAMORA is an individual, and at all times mentioned in this Complaint, was a resident of the State of California. PLAINTIFF worked as a Direct Sales Supervisor for CHARTER for about one (1) year and two (2) months before his wrongful constructive termination on or about October 21, 2020. PLAINTIFF was, at all times material herein, an "employee," as defined by California Government Code section 12926, subdivision (c), part of the California Fair Employment and Housing Act, Government Code section 12900 et seq. At all relevant times herein, PLAINTIFF was affected by a "physical disability" within the meaning of California Government Code section 12940, subdivision (a).

8.     PLAINTIFF is informed and believes and based thereon alleges that at all times relevant herein, CHARTER was and is a Delaware limited liability company doing business in the State of California. PLAINTIFF is informed and believes that CHARTER is an "employer" as defined by California Government Code sections 12926, subdivision (d), 12940, subdivision (a), and 12940, subdivision (j)(4)(A).

9.     Defendants Does 1 through 30 are sued under fictitious names pursuant to California Code of Civil Procedure section 474. PLAINTIFF is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below and in so acting was functioning as the agent, servant, partner, and/or employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants.

10.     PLAINTIFF alleges on information and belief that Does 1 through 20 were and are corporations or other business entities, which were authorized to and did business in the State of California. PLAINTIFF is informed and believes that Does 21 through 30 are individuals who at all relevant times herein were and are employees, managers, supervisors, managing agents, or officers of CHARTER.

11.     At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every

1   other defendant.  In doing the things alleged in the causes of action into which this paragraph is

2   incorporated by reference, each and every defendant was acting within the course and scope of

3   this agency or employment and was acting with the consent, permission, and authorization of

4   each of the remaining defendants.  All actions of each defendant alleged in the causes of action

5   into which this paragraph is incorporated by reference were ratified and approved by the officers

6   or managing agents of every other defendant.

7                              **FACTUAL BACKGROUND**

8        12.    Charter Communications, LLC is a telecommunications company known for

9   providing cable, internet, and telephone services.  PLAINTIFF began his employment with

10  CHARTER on or about August 21, 2019 as a Direct Sales Supervisor and remained a loyal

11  CHARTER employee until his wrongful constructive termination on or about October 21, 2020.

12       13.    As a Direct Sales Supervisor, PLAINTIFF's job duties included but were not

13  limited to setting sales goals for particular territories, training, coaching and supervising Sales

14  Representatives, observing sales transactions in the field, and reporting to his superiors on sales

15  performance.

16       14.    On or about February 6, 2020, PLAINTIFF was involved in an auto accident,

17  resulting in severe and debilitating disabilities including but not limited to loss of consciousness,

18  neck pain, back pain, headaches, and dizziness. Shortly after the accident, PLAINTIFF informed

19  CHARTER's Manager MICHAEL MONCAYO ("MONCAYO") of the collision and requested

20  time off to seek treatment for his disabilities as an accommodation.  However, MONCAYO

21  dismissed Plaintiff's concerns and stated, "You sound fine to me."  MONCAYO refused to allow

22  PLAINTIFF to seek treatment for his disabilities and instead demanded that he continue working.

23       15.    Although PLAINTIFF attempted to continue to perform his job duties, he

24  continued to suffer through pain and began experiencing nausea, so he stopped working to seek

25  medical treatment.    When he informed MONCAYO of the foregoing, MONCAYO told

26  PLAINTIFF he was not excused the following day and he was expected to be at work.

27       16.    The next day, on or about February 7, 2020, PLAINTIFF went to work despite

28  still suffering from pain.  PLAINTIFF advised CHARTER's Director, PAMELA ROBERTS

1  ("ROBERTS"), that he had been in an accident the day before.  PLAINTIFF was also visibly in

2  pain as he was walking stiffly and slowly due to his pain.  However, ROBERTS did not say

3  anything to PLAINTIFF.  Later, during a meeting with PLAINTIFF, MONCAYO, and several

4  other supervisors, PLAINTIFF advised ROBERTS that he was dealing with a lot of pain from

5  the accident - including neck pain, back pain, and headaches - and that he had limited mobility

6  as a result.  Rather than engaging in an interactive process with PLAINTIFF, ROBERTS simply

7  told PLAINTIFF to "feel better."  As a result, PLAINTIFF continued to work through pain and

8  headaches.

9      17.    A few days thereafter, PLAINTIFF was admitted to the emergency room due to

10  dizziness, headaches, and muscle spasms from the car accident.

11     18.    On or about February 15, 2020, PLAINTIFF lost consciousness in his home.

12  Paramedics who arrived on the scene determined that PLAINTIFF had a seizure as a result of a

13  severe concussion he had sustained in the car accident.  Thereafter, PLAINTIFF regularly

14  received treatment for his disabilities.

15     19.    On or about March 5, 2020, PLAINTIFF was involved in another auto accident,

16  this time during the scope of his employment with CHARTER.  PLAINTIFF is informed and

17  believes, and thereon alleges that his existing disabilities were exacerbated as a result of whiplash

18  that occurred during the accident.  PLAINTIFF reported the collision to MONCAYO and

19  requested permission to report to the company's healthcare provider.  However, MONCAYO

20  denied Plaintiff's request and instead stated, "Don't report anything. We'll avoid you taking time

21  off – we don't need any of that bullshit."  As such, Plaintiff was denied access to CHARTER's

22  medical personnel and had to seek treatment on his own.

23     20.    In or around late May or early June 2020, PLAINTIFF's healthcare provider

24  recommended that PLAINTIFF be placed on a medical leave of absence for treatment of his

25  disabilities and recovery.

26     21.    On or about June 8, 2020, PLAINTIFF informed CHARTER's Senior Human

27  Resources ("HR") Generalist, JOANNA PALACIOS ("PALACIOS"), that he needed to take

28  medical leave and provided her with medical documentation placing him off work through July

1   30, 2020.  PALACIOS instructed PLAINTIFF to set up an "ADA Claim" with CHARTER's

2   claims administrator, Sedgwick, which PLAINTIFF did.

3        22.    Thereafter, PLAINTIFF informed MONCAYO that his doctors had placed him

4   on a medical leave due to his disabilities.  In response, MONCAYO stated, "Why don't you just

5   quit?" and, "We'll see if your job is still here when you get back."  PLAINTIFF responded that

6   he had given HR the proper documentation and submitted his ADA claim, so he did not see any

7   reason his position should not be available.  MONCAYO replied, "We'll see."

8        23.    Thereafter, a Sedgwick representative advised PLAINTIFF that CHARTER

9   approved PLAINTIFF's leave of absence from June 8, 2020 to July 30, 2020.  Accordingly,

10   PLAINTIFF began a medical leave of absence on or about June 8, 2020 to seek treatment for his

11   disabilities.

12        24.    On or about June 11, 2020, a few days after PLAINTIFF began his medical leave,

13   PALACIOS informed PLAINTIFF that CHARTER made a "business decision" and filled his

14   position.   She further advised PLAINTIFF that he would come back as a Direct Sales

15   *Representative*, which was a demotion from PLAINTIFF's Direct Sales *Supervisor* role.

16        25.    On or about June 14, 2020, PALACIOS told PLAINTIFF that although his leave

17   was offered as an accommodation for his disabilities, his Direct Sales *Supervisor* position was

18   "not guaranteed."  PLAINTIFF protested this decision and complained that it was unfair of

19   CHARTER to fill his Direct Sales Supervisor position while he was on medical leave and to

20   significantly reduce his pay by demoting him from a "supervisor" position to the sales

21   "representative" position.  To no avail, PLAINTIFF asked CHARTER to permit him to return to

22   a "supervisor" position at the end of his medical leave.

23        26.    In or around late June or early July 2020, PLAINTIFF complained to PALACIOS

24   regarding MONCAYO's failure to engage in an interactive process or offer reasonable

25   accommodations with respect to PLAINTIFF's disabilities.  PLAINTIFF also stated that he

26   believed MONCAYO's conduct had resulted in his disabilities being exacerbated and may have

27   contributed to his needing medical leave, which CHARTER had used to strip PLAINTIFF of his

28   supervisor position.

1    27.    On or about July 14, 2020, PLAINTIFF emailed PALACIOS and requested

2   information regarding ways he could escalate his complaints regarding MONCAYO.   In

3   response, PALACIOS provided PLAINTIFF with a link to CHARTER's "EthicsPoint" reporting

4   system.

5    28.    In or around late July 2020, PLAINTIFF submitted an EthicsPoint complaint

6   regarding MONCAYO's denial of an interactive process and reasonable accommodations for

7   PLAINTIFF's disabilities.

8    29.    In or around late July 2020, PLAINTIFF's medical provider extended his medical

9   leave and PLAINTIFF advised CHARTER of the same.

10    30.    In or around late July 2020, PLAINTIFF emailed PALACIOS to determine if

11   CHARTER would permit him to return to his Direct Sales Supervisor position at the end of his

12   medical leave, as he had discovered that a Direct Sales Supervisor position was open.   However,

13   PALACIOS did not respond to PLAINTIFF's inquiry.

14    31.    A couple days later, PLAINTIFF again asked PALACIOS via email whether he

15   would be entitled to his Direct Sales Supervisor position since he was aware of an opening.

16   Again, PALACIOS ignored PLAINTIFF's inquiry.

17    32.    In or around late July or early August 2020, PLAINTIFF spoke to CHARTER's

18   Employee Relations Manager, RACHEL MAHONY ("MAHONY") regarding his EthicsPoint

19   complaint.   PLAINTIFF told MAHONY that he was currently on medical leave and that he

20   objected to losing his supervisor position because of his disabilities and need for medical leave

21   to seek treatment as an accommodation.   PLAINTIFF also provided MAHONY the details of

22   MONCAYO's failure to engage in an interactive process or offer reasonable accommodations.

23    33.    On or about September 22, 2020, Sedgwick advised Plaintiff that CHARTER had

24   approved an extension to his medical leave to September 30, 2020.

25    34.    On or about September 29, 2020, MAHONY advised PLAINTIFF that she had

26   completed her investigation into his EthicsPoint complaint, but she did not inform him that any

27   corrective action would be taken and did not offer him his Direct Sales Supervisor position upon

28   his return from medical leave.

35.     The following day, on or about September 30, 2020, PLAINTIFF informed MAHONY and PALACIOS that he would not accept CHARTER's demotion and would not return to CHARTER as a Sales *Representative*.  He was also concerned that CHARTER had not taken any corrective action in response to his complaints about the disability discrimination he experienced in the workplace.

36.     Rather than offer PLAINTIFF his Direct Sales *Supervisor* position or address any of his complaints of discrimination and retaliation, CHARTER processed PLAINTIFF's separation effective October 21, 2020.

37.     As of the date of his separation, CHARTER had only offered to allow PLAINTIFF to return to work if he accepted the demoted Direct Sales *Representative* position. As such, on or about October 21, 2020, PLAINTIFF was constructively terminated as a result of intolerable working conditions to which CHARTER had subjected him in violation of public policy, including but not limited to discrimination, retaliation, denial of a good faith interactive process, denial of reasonable accommodations, and failure to prevent or correct the aforementioned in response to PLAINTIFF's complaints of the same.

### FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION

### (Against CHARTER COMMUNICATIONS, LLC and Does 1 through 30)

38.     PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

39.     At all times mentioned herein, California Government Code section 12940 *et seq.* were in full force and effect and were binding on CHARTER.  Under the Fair Employment and Housing Act, California Government Code section 12940 *et seq.*, it is an unlawful employment practice for an employer, because of the disability of a person, to discriminate against the person in the terms, conditions, or privileges of employment.

40.     The FEHA defines "disability" to include: (1) "[h]aving any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that …. [a]ffects one or more of the [enumerated] body systems … [and] [l]imits a major life activity"; or (2) "[h]aving

1  a record or history of a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or

2  health impairment [that constitutes a physical disability], which is known to the employer." Cal.

3  Gov. Code, § 12926, subd. (m)(1) & (3).

4      41.    During the course of PLAINTIFF's employment with CHARTER, PLAINTIFF

5  suffered from severe and debilitating disabilities including but not limited to a concussion, a

6  seizure, loss of consciousness, neck pain, back pain, headaches, and dizziness, which required

7  treatment and resulted in ongoing pain and physical impairment. CHARTER knew that

8  PLAINTIFF was experiencing these disabilities because PLAINTIFF: (1) directly informed

9  CHARTER of limitations he suffered as a result of his disabilities; and (2) submitted requests for

10  accommodations for his disabilities.   Therefore, at the time of PLAINTIFF's demotion and

11  constructive termination, CHARTER perceived that PLAINTIFF had a qualified disability that

12  limited his major life activities, including working.

13      42.    PLAINTIFF has various "physiological" conditions, as is stated above, which

14  limit his major life activities, including working. Cal. Gov. Code, § 12926, subd. (m)(1). This

15  qualifies PLAINTIFF as a person protected from discrimination on the basis of a disability under

16  the FEHA. Cal. Gov. Code, § 12940, subd. (a).

17      43.    PLAINTIFF was able to perform the essential functions of his job as a Direct

18  Sales Supervisor with reasonable accommodations, including but not limited to intermittent time

19  off to seek treatment for his disabilities and a medical leave of absence. Providing PLAINTIFF

20  with such accommodations would not have caused CHARTER any undue hardship.

21      44.    CHARTER discriminated against PLAINTIFF because of his physical disabilities

22  by: (1) refusing to engage in a timely, good faith, interactive process with PLAINTIFF to

23  determine effective reasonable accommodations; (2) refusing to timely provide PLAINTIFF with

24  reasonable accommodations to allow him to continue his employment with CHARTER; (3)

25  demoting PLAINTIFF from Direct Sales *Supervisor* to Direct Sales *Representative*; and, (4)

26  constructively terminating PLAINTIFF's employment.

27      45.    PLAINTIFF's physical disabilities were substantial motivating factors for the

28  demotion and constructive termination of his employment by CHARTER.

46.     As a direct, foreseeable, and proximate result of CHARTER's conduct, as alleged herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

47.     As a proximate result of the aforesaid acts of CHARTER, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial.  PLAINTIFF claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

48.     As a direct, foreseeable, and proximate result of CHARTER's conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, humiliation, financial distress, physical harm, and emotional distress, the precise amount of which will be proven at trial.

49.     As a proximate result of the wrongful acts of CHARTER, PLAINTIFF has been forced to hire attorneys to prosecute his claims herein and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith.  PLAINTIFF is entitled to recover attorneys' fees and costs under California Government Code section 12965, subdivision (b).

50.     The acts taken toward PLAINTIFF were carried out by CHARTER officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of PLAINTIFF.  CHARTER and its agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to an award of punitive damages against CHARTER.

51.     PLAINTIFF has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the Prayer for Relief ("PRAYER") below.

///

///

1

2

3

**SECOND CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

**(Against CHARTER COMMUNICATIONS, LLC and Does 1 through 30)**

4    52.    PLAINTIFF re-alleges and incorporates by reference each and every allegation

5 set forth in all the foregoing paragraphs as if fully set forth herein.

6    53.    At all times mentioned herein, California Government Code section 12940 *et seq.*

7 were in full force and effect and were binding on CHARTER.  Under the Fair Employment and

8 Housing Act, California Government Code section 12940 *et seq.*, it is an unlawful employment

9 practice for an employer to fail to engage in a timely, good faith, interactive process with an

10 employee with a known disability to determine effective reasonable accommodations.

11    54.    During the course of PLAINTIFF's employment with CHARTER, PLAINTIFF

12 suffered from severe and debilitating disabilities including but not limited to a concussion, a

13 seizure, loss of consciousness, neck pain, back pain, headaches, and dizziness, which required

14 treatment and resulted in ongoing pain and physical impairment. CHARTER knew that

15 PLAINTIFF was experiencing these disabilities because PLAINTIFF: (1) directly informed

16 CHARTER of his medical issues; and (2) submitted requests for accommodations for his

17 disabilities. Therefore, CHARTER was aware of PLAINTIFF's need for an accommodation for

18 his disabilities. As such, CHARTER was required to timely initiate an interactive process to

19 identify or implement an effective reasonable accommodation for PLAINTIFF.

20    55.    At all relevant times, PLAINTIFF had various "physiological" conditions, as is

21 stated above, which limited his major life activities, including working. Cal. Gov. Code, § 12926,

22 subd. (m)(1).  This qualifies PLAINTIFF as a person entitled to an interactive process under the

23 FEHA. Cal. Gov. Code, § 12940, subd. (n).

24    56.    PLAINTIFF was willing to participate in an interactive process to find a

25 reasonable accommodation which would allow him to perform the essential functions of his

26 position.

27 //

28 ///

57.     CHARTER refused and failed to initiate and participate in an interactive process to determine whether a reasonable accommodation could be made so that PLAINTIFF would be able to perform his essential functions.

58.     PLAINTIFF was able to perform the essential functions of his job as a Direct Sales Supervisor with reasonable accommodations, including but not limited to intermittent time off to seek treatment for his disabilities and a medical leave of absence. Providing PLAINTIFF with such accommodations would not have caused CHARTER any undue hardship.

59.     As a direct, foreseeable, and proximate result of CHARTER's conduct, as alleged herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

60.     As a proximate result of the aforesaid acts of CHARTER, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial. PLAINTIFF claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

61.     As a direct, foreseeable, and proximate result of CHARTER's conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, humiliation, financial distress, physical harm, and emotional distress, the precise amount of which will be proven at trial.

62.     As a proximate result of the wrongful acts of CHARTER, PLAINTIFF has been forced to hire attorneys to prosecute his claims herein and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover attorneys' fees and costs under California Government Code section 12965, subdivision (b).

63.     The acts taken toward PLAINTIFF were carried out by CHARTER's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety

1    of PLAINTIFF. CHARTER and its agents/employees or supervisors, authorized, condoned and

2    ratified the unlawful conduct of each other. Consequently, PLAINTIFF is entitled to an award

3    of punitive damages against CHARTER.

4        64.     PLAINTIFF has been generally damaged in an amount within the jurisdictional

5    limits of this Court and requests relief as described in the PRAYER below.

6                      **THIRD CAUSE OF ACTION**

7          **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

8        **(Against CHARTER COMMUNICATIONS, LLC and Does 1 through 30)**

9        65.     PLAINTIFF re-alleges and incorporates by reference each and every allegation

10    set forth in all the foregoing paragraphs as if fully set forth herein.

11        66.     At all times mentioned herein, California Government Code section 12940 *et seq.*

12    were in full force and effect and were binding on CHARTER. Under the Fair Employment and

13    Housing Act, California Government Code section 12940 *et seq.*, it is an unlawful employment

14    practice for an employer to fail to make reasonable accommodations for the known physical

15    disability of an employee.

16        67.     During the course of PLAINTIFF's employment with CHARTER, PLAINTIFF

17    suffered from severe and debilitating disabilities including but not limited to a concussion, a

18    seizure, loss of consciousness, neck pain, back pain, headaches, and dizziness, which required

19    treatment and resulted in ongoing pain and physical impairment. CHARTER knew that

20    PLAINTIFF was experiencing these disabilities because PLAINTIFF: (1) directly informed

21    CHARTER of his medical issues; and (2) submitted requests for accommodations for his

22    disabilities. Therefore, CHARTER was aware of PLAINTIFF's need for an accommodation for

23    his disabilities. As such, CHARTER was required to timely initiate an interactive process to

24    identify or implement an effective reasonable accommodation for PLAINTIFF.

25        68.     At all relevant times, PLAINTIFF had various "physiological" conditions, as is

26    stated above, which limited his major life activities, including working. Cal. Gov. Code, § 12926,

27    subd. (m)(1). This qualifies PLAINTIFF as a person entitled to a reasonable accommodation

28    under the FEHA. Cal. Gov. Code, § 12940, subd. (m).

1    69.    PLAINTIFF was able to perform the essential functions of his job as a Direct

2  Sales Supervisor with reasonable accommodations, including but not limited to intermittent time

3  off to seek treatment for his disabilities and a medical leave of absence.  Providing PLAINTIFF

4  with such accommodations would not have caused CHARTER any undue hardship.

5    70.    CHARTER refused and failed to offer reasonable accommodations so that

6  PLAINTIFF would be able to perform his essential functions.

7    71.    As a direct, foreseeable, and proximate result of CHARTER's conduct, as alleged

8  herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has

9  suffered and continues to suffer other economic loss, the precise amount of which will be proven

10  at trial.

11    72.    As a proximate result of the aforesaid acts of CHARTER, PLAINTIFF has

12  suffered actual, consequential and incidental financial losses, including without limitation, loss

13  of salary and benefits, all in an amount subject to proof at the time of trial.  PLAINTIFF claims

14  such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or

15  any other provision of law providing for prejudgment interest.

16    73.    As a direct, foreseeable, and proximate result of CHARTER's conduct, as alleged

17  herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger,

18  loss of enjoyment of life, humiliation, financial distress, physical harm, and emotional distress,

19  the precise amount of which will be proven at trial.

20    74.    As a proximate result of the wrongful acts of CHARTER, PLAINTIFF has been

21  forced to hire attorneys to prosecute his claims herein and has incurred, and is expected to

22  continue to incur, attorneys' fees and costs in connection therewith.  PLAINTIFF is entitled to

23  recover attorneys' fees and costs under California Government Code section 12965, subdivision

24  (b).

25    75.    The acts taken toward PLAINTIFF were carried out by CHARTER's officers,

26  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

27  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety

28  of PLAINTIFF.  CHARTER and its agents/employees or supervisors, authorized, condoned and

1  ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to an award
2  of punitive damages against CHARTER.

3      76.    PLAINTIFF has been generally damaged in an amount within the jurisdictional
4  limits of this Court and requests relief as described in the PRAYER below.

5                          **FOURTH CAUSE OF ACTION**

6                      **FAILURE TO PREVENT DISCRIMINATION**

7          **(Against CHARTER COMMUNICATIONS, LLC and Does 1 through 30)**

8      77.    PLAINTIFF re-alleges and incorporates by reference each and every allegation
9  set forth in all the foregoing paragraphs as if fully set forth herein.

10     78.    At all times mentioned herein, California Government Code section 12940 *et seq.*
11  were in full force and effect and were binding on CHARTER.  Under the Fair Employment and
12  Housing Act, California Government Code section 12940 *et seq.*, it is an unlawful employment
13  practice for an employer to fail to take all reasonable steps necessary to prevent discrimination
14  from occurring.

15     79.    During the course of PLAINTIFF's employment with CHARTER, PLAINTIFF
16  suffered from severe and debilitating disabilities including but not limited to a concussion, a
17  seizure, loss of consciousness, neck pain, back pain, headaches, and dizziness, which required
18  treatment and resulted in ongoing pain and physical impairment. CHARTER knew that
19  PLAINTIFF was experiencing these disabilities because PLAINTIFF: (1) directly informed
20  CHARTER of limitations he suffered as a result of his disabilities; and (2) submitted requests for
21  accommodations for his disabilities.  Therefore, at the time of PLAINTIFF's termination,
22  CHARTER perceived that PLAINTIFF had a qualified disability that limited his major life
23  activities, including working.

24     80.    PLAINTIFF has various "physiological" conditions, as is stated above, which
25  limit his major life activities, including working. Cal. Gov. Code, § 12926, subd. (m)(1). This
26  qualifies PLAINTIFF as a person protected from discrimination on the basis of a disability under
27  the FEHA. Cal. Gov. Code, § 12926, subds. (l), (m).

28  ///

81.     PLAINTIFF was able to perform the essential functions of his job as a Direct Sales Supervisor with reasonable accommodations, including but not limited to intermittent time off to seek treatment for his disabilities and a medical leave of absence. Providing PLAINTIFF with such accommodations would not have caused CHARTER any undue hardship.

82.     PLAINTIFF is informed and believes that CHARTER discriminated against him based on his physical disabilities by: (1) refusing to engage in a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations; (2) refusing to timely provide PLAINTIFF with reasonable accommodations to allow him to continue his employment with CHARTER; (3) demoting PLAINTIFF from Direct Sales Supervisor to Direct Sales Representative because he requested and took medical leave as an accommodation for his disabilities; and (4) constructively terminating PLAINTIFF's employment because of his disabilities and requests for reasonable accommodations.

83.     PLAINTIFF's physical disabilities were substantial motivating factors for the demotion and constructive termination of his employment by CHARTER.

84.     CHARTER failed to take all reasonable steps necessary to prevent discrimination against PLAINTIFF based on his disability.  Despite the fact that CHARTER knew that PLAINTIFF had various disabilities, CHARTER failed to take the steps necessary to prevent discrimination when it failed to take remedial or corrective action in response to PLAINTIFF's complaints of discrimination, demoted PLAINTIFF, and constructively terminated PLAINTIFF's employment.

85.     CHARTER's failure to take all reasonable steps necessary to prevent discrimination was a substantial factor in causing PLAINTIFF's harm and a violation of California Government Code section 12940, subdivision (k).

86.     As a direct, foreseeable, and proximate result of CHARTER's conduct, as alleged herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

87.     As a proximate result of the aforesaid acts of CHARTER, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial.  PLAINTIFF claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

88.     As a direct, foreseeable, and proximate result of CHARTER's conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, humiliation, financial distress, physical harm, and emotional distress, the precise amount of which will be proven at trial.

89.     As a proximate result of the wrongful acts of CHARTER, PLAINTIFF has been forced to hire attorneys to prosecute his claims herein and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover attorneys' fees and costs under California Government Code section 12965, subdivision (b).

90.     The acts taken toward PLAINTIFF were carried out by CHARTER's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of PLAINTIFF.  CHARTER and its agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to an award of punitive damages against CHARTER.

91.     PLAINTIFF has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

### FIFTH CAUSE OF ACTION

### RETALIATION

### (Against CHARTER and Does 1 through 30)

92.     PLAINTIFF alleges and incorporates by reference each of the foregoing paragraphs of this Complaint for Damages as if fully alleged herein.

///

93. At all times mentioned herein, California Government Code section 12940 *et seq.* were in full force and effect and were binding on CHARTER. Under the Fair Employment and Housing Act, California Government Code section 12940 *et seq.*, it is an unlawful employment practice for an employer to discharge, expel, or otherwise retaliate against a person because the person has opposed any practices forbidden by the Fair Employment and Housing Act. Under the Fair Employment and Housing Act, California Government Code section 12940 *et seq.*, it is also an unlawful employment practice for an employer to retaliate against a person because the person has requested reasonable accommodations regardless of whether the accommodation was granted.

94. PLAINTIFF engaged in protected activities including but not limited to requesting reasonable accommodations for his disabilities and opposing discrimination and retaliation.

95. CHARTER retaliated against PLAINTIFF because of his requests for accommodations and complaints of discrimination and retaliation, in violation of Government Code section 12940, subdivisions (h) and (m)(2). Specifically, CHARTER retaliated against PLAINTIFF by: (1) refusing to engage in a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations; (2) refusing to timely provide PLAINTIFF with reasonable accommodations to allow him to continue his employment with CHARTER; (3) demoting PLAINTIFF from Direct Sales Supervisor to Direct Sales Representative; and (4) constructively terminating PLAINTIFF's employment.

96. As a direct, foreseeable, and proximate result of CHARTER's conduct, as alleged herein, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, lost income, benefits, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial. PLAINTIFF claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

97. As a direct, foreseeable, and proximate result of the wrongful acts of CHARTER, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, mental anguish

1   and embarrassment, anger, loss of enjoyment of life, loss of appetite, loss of sleep, humiliation,

2   financial distress, and emotional distress, as well as the manifestation of physical symptoms, all

3   to his damage in an amount in excess of the minimum jurisdiction of this Court, the precise

4   amount of which will be proven at trial.

5       98.    As a proximate result of the wrongful acts of CHARTER, PLAINTIFF has been

6   forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to

7   continue to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to

8   recover attorneys' fees and costs under California Government Code section 12965, subdivision

9   (b).

10      99.    The acts taken toward PLAINTIFF were carried out by CHARTER's officers,

11  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

12  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety

13  of PLAINTIFF. CHARTER and its agents/employees or supervisors, authorized, condoned and

14  ratified the unlawful conduct of each other. Consequently, PLAINTIFF is entitled to an award

15  of punitive damages against CHARTER.

16      100.   PLAINTIFF has been generally damaged in an amount within the jurisdictional

17  limits of this Court and requests relief as described in the PRAYER below.

18                         **SIXTH CAUSE OF ACTION**

19                      **FAILURE TO PREVENT RETALIATION**

20                   **(Against CHARTER and Does 1 through 30)**

21      101.   PLAINTIFF alleges and incorporates by reference each of the foregoing

22  paragraphs of this Complaint for Damages as if fully alleged herein.

23      102.   At all times mentioned herein, California Government Code section 12940 *et seq.*

24  were in full force and effect and were binding on CHARTER. Under the Fair Employment and

25  Housing Act, California Government Code section 12940 *et seq.*, it is an unlawful employment

26  practice for an employer to fail to take all reasonable steps necessary to prevent retaliation from

27  occurring.

28  ///

103.   PLAINTIFF engaged in protected activities including but not limited to requesting reasonable accommodations for his disabilities and opposing discrimination and retaliation.

104.   CHARTER retaliated against PLAINTIFF because of his requests for accommodations and complaints of discrimination and retaliation, in violation of Government Code section 12940, subdivisions (h) and (m)(2).   Specifically, CHARTER retaliated against PLAINTIFF by: (1) refusing to engage in a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations; (2) refusing to timely provide PLAINTIFF with reasonable accommodations to allow him to continue his employment with CHARTER; (3) demoting PLAINTIFF from Direct Sales Supervisor to Direct Sales Representative; and (4) constructively terminating PLAINTIFF's employment.

105.   CHARTER failed to take all reasonable steps necessary to prevent retaliation against PLAINTIFF because of his requests for accommodations for his disabilities. Despite the fact that CHARTER knew that PLAINTIFF had various disabilities for which he had requested accommodations and had made complaints regarding CHARTER's discrimination and failure to provide accommodations, CHARTER failed to take the steps necessary to prevent retaliation when they failed to take remedial or corrective action in response to PLAINTIFF's complaints of retaliation, demoted PLAINTIFF, and constructively terminated PLAINTIFF's employment.

106.   CHARTER's failure to take all reasonable steps necessary to prevent retaliation was a substantial factor in causing PLAINTIFF's harm and a violation of California Government Code section 12940, subdivision (k).

107.   As a direct, foreseeable, and proximate result of CHARTER's conduct, as alleged herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

108.   As a direct, foreseeable, and proximate result of CHARTER's conduct, as alleged herein, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, lost income, benefits, employment, and career opportunities, and has suffered

1    and continues to suffer other economic loss, the precise amount of which will be proven at trial.

2    PLAINTIFF claims such amounts as damages pursuant to California Civil Code sections 3287

3    and/or 3288 and/or any other provision of law providing for prejudgment interest.

4         109.   As a direct, foreseeable, and proximate result of the wrongful acts of CHARTER,

5    as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, mental anguish

6    and embarrassment, anger, loss of enjoyment of life, loss of appetite, loss of sleep, humiliation,

7    financial distress, and emotional distress, as well as the manifestation of physical symptoms, all

8    to his damage in an amount in excess of the minimum jurisdiction of this Court, the precise

9    amount of which will be proven at trial.

10        110.   As a proximate result of the wrongful acts of CHARTER, PLAINTIFF has been

11   forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to

12   continue to incur attorneys' fees and costs in connection therewith.  PLAINTIFF is entitled to

13   recover attorneys' fees and costs under California Government Code section 12965, subdivision

14   (b).

15        111.   The acts taken toward PLAINTIFF were carried out by CHARTER's officers,

16   directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

17   deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety

18   of PLAINTIFF.  CHARTER and its agents/employees or supervisors, authorized, condoned and

19   ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to an award

20   of punitive damages against CHARTER.

21        112.   PLAINTIFF has been generally damaged in an amount within the jurisdictional

22   limits of this Court and requests relief as described in the PRAYER below.

23   **SEVENTH CAUSE OF ACTION**

24   **CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY**

25   **(Against CHARTER COMMUNICATIONS, LLC and Does 1 through 30)**

26        113.   PLAINTIFF alleges and incorporates by reference each of the foregoing

27   paragraphs of this Complaint as if fully alleged herein.

28   ///

1    114.    At all times mentioned, the public policy of the State of California, as codified,

2  expressed and mandated in California Government Code section 12940 *et seq.,* is to prohibit

3  employers from discriminating against employees in the terms, conditions, or privileges of

4  employment because of the employee's disability. This public policy of the State of California is

5  designed to protect all employees and to promote the welfare and wellbeing of the community at

6  large.

7    115.    At all times mentioned, the public policy of the State of California, as codified,

8  expressed and mandated in California Government Code section 12940 *et seq.,* is to prohibit

9  employers from denying employees a timely, good faith, interactive process to determine

10  effective reasonable accommodations for known disabilities. This public policy of the State of

11  California is designed to protect all employees and to promote the welfare and wellbeing of the

12  community at large.

13    116.    At all times mentioned, the public policy of the State of California, as codified,

14  expressed and mandated in California Government Code section 12940 *et seq.,* is to prohibit

15  employers from denying employees reasonable accommodations for known disabilities. This

16  public policy of the State of California is designed to protect all employees and to promote the

17  welfare and wellbeing of the community at large.

18    117.    At all times mentioned, the public policy of the State of California, as codified,

19  expressed and mandated in California Government Code section 12940 *et seq.,* is to prohibit

20  employers from retaliating against employees because of the employee has opposed

21  discrimination or retaliation, or made a request for a reasonable accommodation. This public

22  policy of the State of California is designed to protect all employees and to promote the welfare

23  and wellbeing of the community at large.

24    118.    At all times mentioned, the public policy of the State of California, as codified,

25  expressed and mandated in California Government Code section 12940 *et seq.,* is to require

26  employers to take all reasonable steps necessary to prevent discrimination and retaliation from

27  occurring. This public policy of the State of California is designed to protect all employees and

28  to promote the welfare and wellbeing of the community at large.

COMPLAINT FOR DAMAGES

119.   CHARTER subjected PLAINTIFF to working conditions that violated the aforementioned public policies by: (1) refusing to engage in a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations; (2) refusing to timely provide PLAINTIFF with reasonable accommodations to allow him to continue his employment with CHARTER; (3) failing to take remedial or corrective action in response to PLAINTIFF's complaints of discrimination and retaliation; and (4) demoting PLAINTIFF from Direct Sales Supervisor to Direct Sales Representative.

120.   CHARTER intentionally created or knowingly permitted the aforesaid working conditions.

121.   The working conditions to which PLAINTIFF was subjected were so intolerable that a reasonable person in PLAINTIFF's position would have had no reasonable alternative except to resign.

122.   PLAINTIFF did resign because of the aforesaid intolerable working conditions which violated the express public policy of the State of California.

123.   Accordingly, CHARTER constructively terminated PLAINTIFF in violation of the public policy set forth in California Government Code sections 12940 *et seq.*

124.   As a direct, foreseeable, and proximate result of CHARTER's conduct, as alleged herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

125.   As a proximate result of the aforesaid acts of CHARTER, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial. PLAINTIFF claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

126.   As a direct, foreseeable, and proximate result of CHARTER's conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger,

1  loss of enjoyment of life, humiliation, physical pain, financial distress, and emotional distress,

2  the precise amount of which will be proven at trial.

3       127.   As a proximate result of the wrongful acts of CHARTER, PLAINTIFF has been

4  forced to hire attorneys to prosecute his claims herein and has incurred, and is expected to

5  continue to incur, attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to

6  recover attorneys' fees and costs under California Government Code section 12965, subdivision

7  (b).

8       128.   The acts taken toward PLAINTIFF were carried out by CHARTER's officers,

9  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

10  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety

11  of PLAINTIFF. CHARTER and its agents/employees or supervisors, authorized, condoned, and

12  ratified the unlawful conduct of each other. Consequently, PLAINTIFF is entitled to an award

13  of punitive damages against CHARTER.

14       129.   PLAINTIFF has been generally damaged in an amount within the jurisdictional

15  limits of this Court and requests relief as described in the PRAYER below.

16                                                **PRAYER**

17       WHEREFORE, Plaintiff CESAR BUCIO ZAMORA, prays for judgment against

18  CHARTER as follows:

19       1.    For general damages, according to proof on each cause of action for which such

20            damages are available;

21       2.    For special damages, according to proof on each cause of action for which such

22            damages are available;

23

24       3.    For exemplary damages, according to proof on each cause of action for which

25            such damages are available;

26       4.    For compensatory damages, according to proof on each cause of action for which

27            such damages are available;

28

COMPLAINT FOR DAMAGES

5.   For punitive damages, according to proof on each cause of action for which such damages are available;

6.   For prejudgment and post-judgment interest according to law;

7.   For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the law;

8.   For costs of suit incurred in this action; and,

9.   For such other and further relief as the Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff CESAR BUCIO ZAMORA hereby demands trial of this matter by jury.

DATE: October 18, 2021                    **BERENJI LAW FIRM, APC**

By: _____

SHADIE L. BERENJI
DAVID C. HOPPER
Attorneys for Plaintiff CESAR BUCIO
ZAMORA

25

COMPLAINT FOR DAMAGES